Filed at 10: 10A M

DATE 6/6/07

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 5:07-CR-14(CAR)** |
| | : | |
| **VS.** | : | |
| | : | |
| **EAGLE STATION, INC** | : | |
| **(DEFENDANT CORPORATION)** | : | |

## PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and EAGLE STATION, INC., hereinafter referred to as "Defendant Corporation," KENNETH F. HEDDEN entering a plea on behalf of Defendant Corporation, and EDGAR W. ENNIS, JR., attorney for Defendant Corporation, as follows:

(1)

KENNETH F. HEDDEN acknowledges that he has reviewed and discussed the Information against Defendant Corporation in this matter with Defendant Corporation's attorney and said attorney has explained to KENNETH F. HEDDEN his understanding of the government's evidence against Defendant Corporation.

(2)

KENNETH F. HEDDEN understands that Defendant Corporation is not required to plead guilty, and that Defendant Corporation has the right to plead not guilty and to elect instead to be tried by jury. KENNETH F. HEDDEN understands that at a jury trial, Defendant Corporation would enjoy a presumption of innocence, and that the government would have the burden of proving Defendant Corporation's guilt beyond a reasonable doubt. KENNETH F. HEDDEN understands that Defendant Corporation would be entitled to the services of a lawyer at all stages of such a trial. KENNETH F. HEDDEN understands

that Defendant Corporation would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in defendant's own behalf. KENNETH F. HEDDEN understands that Defendant Corporation would have the right to present evidence in Defendant Corporation's own behalf, but that Defendant Corporation could not be compelled to do so. KENNETH F. HEDDEN has discussed these rights with Defendant Corporation's attorney. KENNETH F. HEDDEN is satisfied with the services of Defendant Corporation's lawyer. KENNETH F. HEDDEN knowingly and voluntarily waives Defendant Corporation's right to plead not guilty and to proceed to trial.

The United States Attorney and KENNETH F. HEDDEN understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). KENNETH F. HEDDEN on behalf of Defendant Corporation knowingly and voluntarily waives any further objections that Defendant Corporation may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. KENNETH F. HEDDEN on behalf of Defendant Corporation therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay.

KENNETH F. HEDDEN on behalf of Defendant Corporation expressly waives any claim of right to a trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

KENNETH F. HEDDEN being fully cognizant of Defendant Corporation's rights, and in exchange for the considerations to be made by the United States as set forth in



- 2 -

Paragraph (5) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     Defendant Corporation is guilty and will knowingly and voluntarily enter a plea of guilty to the Information which charges Defendant Corporation in Count One of the Information with Failure to Maintain Records in violation of Title 18 United States Code Section 922(m).

(B)     KENNETH F. HEDDEN fully understands that Defendant Corporation's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant Corporation on Count One to a term of imprisonment not to exceed one (1) year, a maximum fine of $200,000, or both. KENNETH F. HEDDEN further acknowledges that the Court is required to impose a mandatory assessment of $125.00.

(C)     KENNETH F. HEDDEN acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant Corporation may have received from Defendant Corporation's counsel, the government, or the Probation Office. KENNETH F. HEDDEN further acknowledges and agrees that Defendant Corporation will not be allowed to withdraw Defendant Corporation's plea because Defendant Corporation has received an estimated guideline range from the government, Defendant Corporation's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D)     KENNETH F. HEDDEN understands fully and has discussed with Defendant Corporation's attorney that the Court will not be able to determine the appropriate advisory guideline sentence until after a pre-sentence investigative report has been completed. KENNETH F. HEDDEN understands and has discussed with Defendant Corporation's

- 3 -

attorney that they will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein. KENNETH F. HEDDEN understands and has discussed with Defendant Corporation's attorney that any objections or challenges by Defendant Corporation or Defendant Corporation's attorney to the Pre-Sentence Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)    KENNETH F. HEDDEN understands and has discussed with Defendant Corporation's attorney that after the Court determines the applicable advisory guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the advisory guidelines.

(F)    KENNETH F. HEDDEN on behalf of Defendant Corporation agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)    Understanding that Title 18, United States Code, Section 3742, provides for appeal of Defendant Corporation's sentence under certain circumstances, KENNETH F. HEDDEN on behalf of Defendant Corporation by this agreement waives any right to a direct appeal or other review of Defendant Corporation's sentence by the District Court or Court of Appeals after conviction except in the case of an upward departure from the guidelines pursuant to 5K2.0 and 4A1.3 and any claim of ineffective assistance of counsel.

Notwithstanding these waivers, Defendant Corporation expressly reserves the right to file a direct appeal of an upward departure pursuant to U.S.S.G. § 4A1.3 (criminal history) or § 5K2.0 (offense level) which the Court specifies at the time of the Defendant Corporation's sentencing. KENNETH F. HEDDEN on behalf of Defendant Corporation understands and agrees that Defendant Corporation's waiver as to all other U.S.S.G.

- 4 -

findings would still be in force and effect, notwithstanding Defendant Corporation's reserved right to appeal an upward departure.

KENNETH F. HEDDEN on behalf of Defendant Corporation and the United States Attorney agree that nothing in this plea agreement shall affect the government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the United States Attorney appeals the Defendant Corporation's sentence pursuant to this statute, Defendant Corporation is released from its waiver of Defendant Corporation's right to appeal altogether.

(H)     KENNETH F. HEDDEN on behalf of Defendant Corporation and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. KENNETH F. HEDDEN on behalf of Defendant Corporation further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(I)     The United States of America and KENNETH F. HEDDEN on behalf of Defendant Corporation hereby agree that any breach of this agreement by the Defendant Corporation occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the Information, would: (a) not relieve the defendant of defendant's plea of guilty; (b) permit the government to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Information; (c) permit the government to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the government to utilize

- 5 -

against the Defendant Corporation in any subsequent judicial proceeding any and all statements made by the Defendant Corporation. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence.

The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(J)     KENNETH F. HEDDEN agrees not to seek any federal license to sell firearms during the course of the Defendant Corporation's sentence.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A)     That he will accept the plea of guilty by defendant as provided in Paragraph (3) (A), above, in full satisfaction of all possible federal criminal charges, known   to the United States Attorney at the time of Defendant Corporation's guilty plea, which might have been brought solely in this district against KENNETH F. HEDDEN and/or Defendant Corporation or any of its officers and employees. Without limiting the foregoing, The United States Attorney agrees to seek the dismissal of the Indictment returned by the Grand Jury in Criminal No. 5:07-CR-14(CAR).

(B)     If Defendant Corporation affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States Attorney will recommend to the Court that Defendant Corporation receive an appropriate downward departure for such acceptance. It is entirely within the Court's discretion whether

- 6 -

or not Defendant Corporation would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that Defendant Corporation has not accepted responsibility, including, but not limited to, denying its involvement, giving conflicting statements as to its involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(C)     KENNETH F. HEDDEN on behalf of Defendant Corporation understands and has fully discussed with Defendant Corporation's attorney that the Court must generally consider restitution.

(D)     KENNETH F. HEDDEN on behalf of Defendant Corporation understands and has fully discussed with Defendant Corporation's attorney that the Court generally must consider imposing a fine pursuant to Title 18 United States Code S ections 3571 and 3572.

(E)     KENNETH F. HEDDEN was the President and majority shareholder of Eagle Station, Inc (Defendant Corporation) during the time frame addressed in the Information. KENNETH F. HEDDEN is authorized to act as agent for Defendant Corporation and is authorized to enter a guilty plea on behalf of Defendant Cor poration.

(6)

Nothing herein limits the sentencing discretion of the Court.

(7)

This agreement constitutes the entire agreement between Defendant Corporation and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, KENNETH F. HEDDEN on behalf of Defendant Corporation states that no person has, directly or indirectly, threatened



- 7 -

or coerced Defendant Corporation to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(8)

As an aid to this Court, the United States Attorney and Defendant Corporation, by and through Defendant Corporation's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

Subject to the above paragraph, the United States Attorney and Defendant Corporation stipulate and agree that the government could produce evidence sufficient to persuade a jury beyond a reasonable doubt of the following:

That prior to June 2006, ATF agents had received information that individuals at the Eagle Station, Inc. (a license firearms dealer) located at 1736 Highway 49 South, Fort Valley, Georgia may be selling firearms to "straw purchaser" in violation of recording requirements under Title 18 U.S.C. Section 922 (b)(5).

Based on this information ATF Agent Rafiq Ahmad developed an informant, (herein after C.I.) a prohibited person to go to Eagle Station/Defendant Corporation and purchase several firearms.

On June 30, 2006, Agent Ahmad and C.I. went into Eagle Station and met KENNETH F. HEDDEN (president and majority shareholder of Eagle Station, Inc./Defendant Corporation). C.I. told HEDDEN that it was interested in buying inexpensive handguns. HEDDEN directed C.I. to a display case that contained a selection of handguns of various calibers.

- 8 -

C.I. looked at the display case and selected three (3) handguns: one (1) FEG, Model 74, .32 caliber pistol with serial # AP-8610-1981); one (1) Hi Point, Model JHP, .45 caliber pistol with serial # X451142; and, one (1) Hi Point, Model C9, 9 mm pistol with serial number P1293644.

During this time, Agent Ahmad was present but not assisting the C.I. in looking at the firearms or selecting them. C.I told HEDDEN which three (3) firearms that it was interested in buying. HEDDEN then told C.I. he needed to conduct a background check and retrieved an ATF 4473 form. HEDDEN placed the form in front of C.I. and asked for C.I.'s Driver's License.

Agent Ahmad came over and told HEDDEN he was going to fill out the form. HEDDEN said to Agent Ahmad "so the guns are for you" and the agent replied "yeah." HEDDEN then requested and obtained the agent's undercover driver's License. HEDDEN copied the information onto the first part of form 4473.

HEDDEN ran the required background check and once it was approved, C.I. confirmed with HEDDEN the total price for the firearms. HEDDEN told C.I. it would cost it $540.00. C.I. took out the cash and started to hand it to HEDDEN when HEDDEN stated to the agent "so you are buying the guns?" The agent replied "no, well, we are together." HEDDEN then asked "who are you buying the guns for?" The agent replied once again that they were together. HEDDEN said that C.I. was paying for the firearms and the agent asked "you want me to pay for them?" HEDDEN replied, "buy the guns for yourself." C.I. then handed the cash in front of HEDDEN to the agent. The agent then handed the cash ($600.00) to HEDDEN. Immediately upon receiving the cash, HEDDEN gave the change ($60.00) to the C.I.

- 9 -

After completing the payment, HEDDEN asked C.I. if the firearm it wanted was the .45 or the .40 caliber pistol. HEDDEN asked the same question to the agent. (Display case contained several firearms of various calibers and manufacturers) C.I. replied that it wanted the .45 caliber which the agent confirmed. HEDDEN then placed the three (3) firearms and the receipts on the counter which were picked up by C.I.

Defendant Corporation admits that HEDDEN should have known the firearms were not being purchased by the person who presented the driver's license but by the C.I. and should have refused the sale of the firearms because he was not provided with proper identification by C.I.

Defendant Corporation admits that HEDDEN on behalf of the Defendant Corporation made entries into the record that he should have known were false because he never obtained any identification from the C.I. who was clearly the individual purchasing the firearms.

(9)

KENNETH F. HEDDEN on behalf of Defendant Corporation acknowledges that pursuant to U.S.S.G Section 8D1, the Court may impose a sentence of probation, if warranted, to ensure payment of restitution, fines or penalties imposed by the Court and to ensure the likelihood that changes are made within Defendant Corporation to reduce the likelihood of future criminal conduct.

- 10 -

(10)

## ACCEPTANCE OF PLEA AGREEMENT

KENNETH F. HEDDEN understands and has fully discussed with Defendant Corporation's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant Corporation.

SO AGREED, this _6_ day of _June_ _____, 2007.

MAXWELL WOOD
UNITED STATES ATTORNEY

BY: _____
MICHAEL T. SOLIS
ASSISTANT UNITED STATES ATTORNEY

- 11 -

I, KENNETH F. HEDDEN, who am authorized to enter a plea on behalf of the Defendant Corporation, Eagle Station, Inc. have read this agreement and had this agreement read to me by the Defendant Corporation's attorney, EDGAR W. ENNIS, JR. have discussed this agreement with Defendant Corporation's attorney and I fully understand it and agree to its terms.

KENNETH F. HEDDEN
DEFENDANT

I, EDGAR W. ENNIS, JR., attorney for Defendant Corporation, have explained the Information and the government's evidence   received through discovery and my investigation of the charge to KENNETH F. HEDDEN who has been authorized to enter a plea on behalf of Defendant Corporation. I believe he understands the charge against Defendant Corporation and the evidence that would be presented against Defendant Corporation at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to KENNETH F. HEDDEN. To the best of my knowledge and belief, he understands this agreement.

EDGAR W. ENNIS, JR.
ATTORNEY FOR DEFENDANT

- 12 -